**SCOTT et al. v. STATE ex rel. SHULL, Bank Com'r, et al.**

No. 22079.   Opinion Filed Nov. 17, 1931.

H. F. Fulling, for plaintiffs in error.

M. B. Cope, for the State Banking Department.

Roscoe E. Harper and Gentry Lee, for defendants in error.

KORNEGAY, J. This is a proceeding in error from the district court of Tulsa county, to review the action of said court in refusing, on motion, to vacate a receivership. There is no evidence brought up with the case, and we are in doubt as to whether we have any jurisdiction to review anything, the way the matter is presented.

It appears from the journal entry and the petition, contained in the transcript, that the appointment of a receiver was asked for by the Bank Commissioner, C. G. Shull, and by the Building and Loan Board of the state of Oklahoma, of the Industrial Building & Loan Association, and that on the 27th of March, 1930, trial was had, wherein the Bank Commissioner appeared in person, and the members of the Building and Loan Board appeared by attorneys, and the defendant appeared by Blake & Smith, and C. A. Matthaei, in cause No. 47234, in the case entitled: "State of Oklahoma ex rel. C. G. Shull, Bank Commissioner, and W. R. McWilliams, L. C. Pollock, and J. B. Doolin and C. G. Shull, Member of the Building and Loan Board of the State of Oklahoma, Plaintiffs, v. Industrial Building & Loan Association, a Corporation, Defendants." The trial was had on the petition of the plaintiff and answer and cross-petition of the defendant, and plaintiff introduced evidence and rested, and the defendant introduced evidence and rested, and the testimony of witnesses was taken, and a general finding was made in favor of the plaintiff and against the defendant.

The court further found that the Bank Commissioner made requirements of the defendants, and they refused to comply with the requirements. The court found that it was unsafe and inexpedient for the defendant corporation to continue to conduct its business as a building and loan association, and the court further found that the assets of the defendant association were insufficient to justify the continuance of the business of such association, and that it was right and proper that a receiver should be

appointed for the purpose of settling and winding up its affairs, and that the defendant association should be enjoined from further prosecution of its business as a building and loan association.

The court appointed W. L. Reed and Gentry Lee as receivers, to wind up and settle its affairs, and they were ordered to take immediate possession of all assets and property of the corporation, and to protect the property under the orders of the court, and to make reports from time to time, and the defendant was enjoined in accordance with the prayer. The defendant in that case excepted, and gave notice of intention to appeal to the Supreme Court of the state of Oklahoma.

On November 8, 1930, a motion to vacate the order appointing receiver was filed in that case on the ground that the findings were contrary to law, and that the court had no authority or jurisdiction to place the loan association in the hands of the receiver, and that the appointment of receivers was without authority of law and was illegal and void.

There was an allegation that Edward Scott, Dolly Radler, R. M. Artinger, Clara G. Wallace, and Neil N. Cox are each borrowers of the defendant, Industrial Building & Loan Association, and that they were stockholders in it, and that their respective stocks were ordered by the court to be applied to their respective notes as of the time when the order for the appointment of the receiver was made, all of which was illegal. There was a prayer for vacation and holding for naught the order putting the Industrial Building & Loan Association in the hands of receivers.

An order was made by the court fixing the time for the hearing of the motion to vacate for the 1st of December, 1930. The journal entry in case No. 47234, contained in the transcript, shows that on the 23rd of January, 1931, the Bank Commissioner and the Building and Loan Board appeared, and Edward Scott, Dolly Radler, R. M. Artinger, Clara G. Wallace, Neil N. Cox, and Mollie Southern appeared by their attorney, H. F. Fulling, and presented to the court the motion, and the court heard the argument and was sufficiently advised, and found that the motion should be overruled. The last-named parties excepted, and there was a judgment that they take nothing by reason of the motion, and that the plaintiffs recover costs, followed by a notice of intention to appeal.

We do not think that there is anything legally before us for review. The time was up for moving for a new trial on the original order complained of, throwing the company into the hands of the receiver, and there is nothing shown indicating any legal error or abuse of discretion in making the appointment of the receivers.

The briefs filed in the case deal largely with the proposition as to whether or not certain sections of the statute, namely section 5426, C. O. S. 1921, were repealed by section 10, chapter 28, Session Laws of 1925. We think that that is a moot question in view of the record. One side argues that it was not repealed, and the other side argues that it was.

Under section 10 of chapter 28, Session Laws of 1925, in imperative terms the Bank Commissioner is required, if he gets the consent of the majority of the Building and Loan Board, to take possession of all the property of an insolvent building and loan association, and is required to appoint liquidating agents and wind it up, and the agents are required to make a report by filing in the district court of the county in which the association is located, a detailed list, showing all receipts and disbursements. The Bank Commissioner is given power to prosecute all necessary suits for the purpose of liquidating any insolvent association taken over by the Bank Commissioner, and no cost bond is required. It is further provided that after everything is liquidated and the creditors paid, if there is anything left, it shall revert to the stockholders, and there is a further provision that the Bank Commissioner may, with the consent of the district court, compound bad or doubtful debts.

By section 5419, C. O. S. 1921, building and loan associations were placed under the supervision of the Bank Commissioner, and a permit to do business must be secured from him every six months, and they were required to undergo examination every six months. The act of 1925 created the Building and Loan Board to consist of the Bank Commissioner and three other appointed persons. The Bank Commissioner, with the approval of the board, was empowered to appoint three examiners or auditors, and the Assistant Bank Commissioner was made the secretary, and the board was given general supervision and control of all the building and loan associations, and examinations were provided for.

Under either provision, it seems to us that if the association was insolvent, the Bank Commissioner has the right to go in-

to court and have a receiver appointed and wind up its affairs. That was done in this case, the board joining in. Aside from these statutory provisions, there are general Code provisions on the subject of receivers with reference to insolvent corporations that would permit the appointment of a receiver at the instance of any person legally interested.

We cannot see that any error has been committed in this case under this record, and the case is accordingly affirmed.

LESTER, C. J., CLARK, V. C. J., and HEFNER, J., concur. SWINDALL, J., concurs in conclusion. CULLISON, J., dissents. RILEY and ANDREWS, JJ., absent. McNEILL, J., not participating.